UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTOR D. MATIAS-TORRES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CV-01386 SPM |
| MICHELLE WILLIS, et al. | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff Victor Matias-Torres, an inmate currently incarcerated at Southeast Correctional Center (SECC), filed this action against seven medical defendants employed by Centurion at both Western Missouri Correctional Center (WMCC) and Crossroads Correctional Center (CRCC). He brings his claims pursuant to 42 U.S.C. § 1983 for violations of his civil rights.

Plaintiff alleges that he suffers from Hepatitis C, and that he was first treated for this condition through the Missouri Department of Corrections (MDOC) in 2003 at WMCC.[1] At that time, he was treated through the Chronic Care Clinic despite plaintiff's medical symptoms growing progressively worse as his time at WMCC went on. In 2020, he was transferred to CRCC, and his medical condition continued to worsen, but he claims he was denied additional treatment by defendants because his AST[2] to Platelet Ratio Index Score (APRI) was too low.[3] Plaintiff was

---

[1] Plaintiff refers to this as St. Joseph Diagnostic and Correctional Center in his complaint. WMCC was previously known by this name.

[2] AST refers to "aspartate aminotransferase." It is an enzyme found primarily in the liver, but also in the heart, kidneys, and muscles. It plays a role in the metabolism of amino acids. A high AST level indicates potential damage or stress to tissues containing this enzyme. The most frequent cause of elevated AST is liver damage.

[3] A low APRI score indicates a low likelihood of significant liver scarring or cirrhosis.

transferred to SECC at an undisclosed time in 2025, where he received a fibro scan of his liver. Plaintiff asserts that the scan found cirrhosis in his liver caused by a failure in treatment, and he was then placed on direct-acting anti-viral medications.

Venue in federal court is governed by 28 U.S.C. § 1391(b), under which such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff's claims took place while he was incarcerated at WMCC and CRCC, which are in Buchanan County and Clinton County, Missouri, respectively. Thus, the events giving rise to plaintiff's claims took place in the judicial district of the United States District Court for the Western District of Missouri, St. Joseph Division. 28 U.S.C. § 105(b)(3). Therefore, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **DENIED without prejudice.** Plaintiff may renew his motion in the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**. Plaintiff may renew his motion in the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that that the Clerk of Court shall **TRANSFER** this action to the United States District Court for the Western District of Missouri, Central Division. *See* 28 U.S.C. §§ 1391(b) and 1404(a).

Dated this 16th day of September, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE